IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CRISTY HALL GARCIA                                                            PLAINTIFF

vs.                                        Civil No. 1:09-cv-01030

MICHAEL J. ASTRUE                                                            DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Cristy Hall Garcia ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her applications for a

period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income

("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a

magistrate judge to conduct any and all proceedings in this case, including conducting the trial,

ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 3).[1]

Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final

judgment in this matter.

1. **Background:**

Plaintiff protectively filed her SSI and DIB applications on April 9, 2007.  (Tr. 12, 98-114).

In these applications, Plaintiff alleged an onset date of April 2, 2007.  *See id.*  Plaintiff alleged she

was disabled due to mid-back pain, neck pain, left shoulder pain, and arm pain.  (Tr. 125, 140).

These applications were initially denied on June 5, 2007 and were denied again on reconsideration

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for
this case are referenced by the designation "Tr."

1

on July 30, 2007.  (Tr. 68-71).  On August 22, 2007, Plaintiff requested an administrative hearing on her applications.  (Tr. 86-87).  This hearing request was granted, and a hearing on this matter was held on June 18, 2008 in El Dorado, Arkansas.  (Tr. 35-67).  Plaintiff was present and was represented by counsel, Deborah Gordon, at this hearing.  *See id.*  Plaintiff and Vocational Expert ("VE") Dr. Watts testified at this hearing.  *See id.*  On the date of this hearing, Plaintiff was twenty-eight (28) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c)(2008), and had obtained her G.E.D.  (Tr. 4-7).

On September 30, 2008, the ALJ entered an unfavorable decision denying Plaintiff's applications for SSI and DIB.  (Tr. 12-20).  In this decision, the ALJ determined Plaintiff met the disability insured status requirements of the Act through December 31, 2012.  (Tr. 14, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 2, 2007, her alleged onset date.  (Tr. 14, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: fibromyalgia with slight osteoarthritis of the mid-thoracic spine as evidenced by minimal osteophytes and a history of mild depression amenable to adequate control with continued compliance with oral medications.  (Tr. 14, Finding 3).  However, the ALJ also determined Plaintiff did not have an impairment or a combination of impairments listed in, or medically equal to one listed in, the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 14-15, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC.  (Tr. 15-19).  First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found her claimed limitations were not fully credible.  *See id.*  Second, the ALJ determined, based upon this review of Plaintiff's subjective

complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to

perform a wide range of light exertional activity.  (Tr. 16, Finding 6).  Specifically, the ALJ found

her RFC to be as follows:

> After careful consideration of the entire record, the undersigned finds that in consideration of the claimant's reported symptoms of leg pain, joint stiffness and fibromyalgia, when considered in conjunction with her history of obesity and mild depression, the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b), except she would require a "sit-stand" option throughout the workday; the claimant would be precluded from assembly-type work and she should engage in only occasional reaching and avoid work around dangerous moving machinery or temperature extremes.  The claimant can occasionally climb, stoop, crouch, kneel and/or crawl and she would experience mild to moderate pain with the use of prescription and/or over-the-counter medications.  The claimant would require simple unskilled to low semi-skilled work; she would have the ability to understand, remember and carry out concrete instructions and contact with supervisors, co-workers and/or the public should be superficial (e.g. the claimant could briefly meet-greet others, make change and give simple instructions and directions).

(Tr. 15, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 19).  The VE testified

Plaintiff's PRW included work as a cashier (light, unskilled).  (Tr. 19, 35-67).  The ALJ found that,

given Plaintiff's RFC and other limitations, she retained the ability to perform this PRW.[2]  (Tr. 19,

Finding 6).  Based upon this finding, the ALJ determined Plaintiff was not disabled, as defined by

the Act, at any time from April 2, 2007 through the date of his decision or through September 30,

2008.  (Tr. 19, Finding 7).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable

decision.  (Tr. 5-7).  *See* 20 C.F.R. § 404.968.  On April 20, 2009, the Appeals Council declined to

review the ALJ's unfavorable decision.  (Tr. 1-3).  On June 22, 2009, Plaintiff filed the present

---

[2] The VE also testified that given Plaintiff's limitations, she would also be able to perform work as an information clerk and a storage clerk (rental).  (Tr. 19).

appeal.  (Doc. No. 1).  The parties consented to the jurisdiction of this Court on July 22, 2009.  (Doc. No. 3).  Both parties have filed appeal briefs.  (Doc. Nos. 5-6).  This case is now ready for decision.

## 2. <u>Applicable Law:</u>

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that

4

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ's decision is not supported by substantial evidence in the record. (Doc. No. 5). Specifically, Plaintiff claims the ALJ erred in the following ways: (A) by performing an improper *Polaski* evaluation; (B) by failing to recognize the nature and impact of fibromyalgia; (C) by improperly evaluating the opinion of her treating physician; (D) by posing an improper hypothetical to the VE: and (E) by finding she retained the RFC for light work. (Doc. No. 5, Pages 3-14). In response, Defendant argues that substantial evidence supports the ALJ's RFC finding. (Doc. No. 6, Pages 4-13). Defendant argues the ALJ properly considered

Plaintiff's subjective complaints of pain and properly relied upon the testimony of the VE in finding Plaintiff was not disabled. *See id.* This Court will address each of Plaintiff's arguments.

### A.   *Polaski* Evaluation

Plaintiff claims the ALJ performed an improper *Polaski* evaluation. (Doc. No. 5, Pages 9-10). Plaintiff claims her consistent work record as well as her limited daily activities support her subjective allegations. *See id.* In response, Defendant argues that the ALJ properly considered Plaintiff's subjective complaints of pain and that his credibility determination is entitled to deference. (Doc. No. 6, Pages 10-11). Specifically, Defendant references the fact that Plaintiff only received conservative treatment from her treating physician, her symptoms appeared to have been controlled with medication, and her symptoms appeared to have been resolved by June 8, 2008. *See id.*

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

This Court finds the ALJ performed a proper *Polaski* evaluation in this case. First, the ALJ outlined the *Polaski* factors. (Tr. 15). Second, the ALJ evaluated those factors and noted that Plaintiff's subjective complaints were not entirely credible for the following reasons: (1) she only received conservative medical follow-up care related to her reported symptoms; (2) there was no evidence any physician ever recommended surgery to her; (3) by December 7, 2007, she was reportedly only taking over-the-counter medication for her pain; and (4) by June 6, 2008, she was reportedly taking no regular medications and exhibited a full range of motion in her extremities. (Tr. 15-19). In light of these reasons, this Court finds the ALJ's credibility determination is entitled to deference. *See Gregg v. Barnhart,* 354 F.3d 710, 714 (8th Cir. 2003) (holding that "[i]f an ALJ

7

explicitly discredits the claimant's testimony and gives good reason for doing so, we [the Eighth Circuit] will normally defer to the ALJ's credibility determination").

In her appeal brief, Plaintiff claims the ALJ should have found her testimony credible because she had both a "strong" work history and limited daily activities. (Doc. No. 5, Pages 9-10). Plaintiff's records, however, reflect that she only had significant earnings from 2002 until 2006. (Tr. 115-116). This four-year time period of working consistently can hardly be considered a "strong" work history. Further, while Plaintiff claims she is "very limited" in her daily activities, she also reported that she can drive her children back and forth to school, go grocery shopping, and attend church and her sons' games. (Tr. 132-139). Such activities are not consistent with Plaintiff's claims of disabling pain.

### B.     Evaluation of Fibromyalgia

Plaintiff claims the ALJ "did not recognize the nature and effects of fibromyalgia." (Doc. No. 5, Pages 10-11). She claims her "regime of strong medication" support her claim that she is disabled due to fibromyalgia. *See id.* However, while Plaintiff was prescribed and filled several prescriptions for pain relievers from 2007 through 2008, Plaintiff did not consistently report taking those pain relievers. Indeed, on December 7, 2007, the only pain reliever Plaintiff reported to be taking was "Tylenol/Motrin" and by June 6, 2008, Plaintiff reported she was taking *no* medications. (Tr. 211). Therefore, Plaintiff's prescription record is not an accurate account of the pain medication Plaintiff was taking. Accordingly, this Court finds the ALJ did not err in discounting Plaintiff's prescription records.

### C.     Plaintiff's Treating Physician

Plaintiff claims the ALJ erred by discounting the opinions of her treating physician, Dr. Mark R. Crump. (Doc. No. 5, Pages 11-12). Dr. Crump found in a one-paged opinion letter that Plaintiff

8

suffered from chronic back pain that "would prevent her from repetitive bending, pushing, pulling, lifting greater than 25 pounds, or prolonged standing or sitting." (Tr. 207). Plaintiff claims that, as her treating physician, his opinions regarding her functional limitations are controlling and support a finding of disability. *See id.*

This Court has reviewed Dr. Crump's opinion letter. There are two reasons for the ALJ's different interpretation of Dr. Crump's opinion letter. First, the letter is dated August 22, 2007, and Dr. Crump's later medical records indicate that Plaintiff's back pain resolved itself or at least dramatically improved. For instance, on December 7, 2007, Plaintiff reported merely treating her back pain with Tylenol and Motrin. (Tr. 211). On June 6, 2008, Plaintiff reported taking no medication for her back pain, and she did not report any back problems. *See id.*

Second, despite Plaintiff's statements to the contrary, Dr. Crump's findings do not appear to be inconsistent with the ALJ's RFC determination. Notably, Dr. Crump limited Plaintiff in her ability to lift and carry over twenty-five pounds, found she was prohibited from "repetitive bending, pushing, pulling," and found she was prohibited from "prolonged standing or sitting." (Tr. 207). In his RFC assessment, the ALJ found Plaintiff could only perform *light* work and could not lift or carry over twenty-five pounds and would require a "sit-stand" option throughout the workday. (Tr. 15, Finding 5). This RFC assessment appears to be consistent with Dr. Crump's findings. Plaintiff has not indicated to this Court *how* this RFC assessment is inconsistent with Dr. Crump's findings. Therefore, this Court cannot find that the ALJ erred in how he considered Dr. Crump's opinion.

### D.   Hypothetical Questions to the VE

Plaintiff claims the ALJ erred by finding she could work as a cashier II and information clerk. (Doc. No. 5, Page 12). Plaintiff claims she is unable to perform any of this work because it requires "frequent" reaching and grasping. *See id.* This Court, however, has reviewed that testimony and

while it is accurate that the jobs of cashier II and information clerk require frequent reaching and grasping, the VE also found a hypothetical person with Plaintiff's limitations could perform the job of a storage facility rental clerk.  (Tr. 64).  This job only requires *occasional* reaching and grasping. (Tr. 64).  Plaintiff does not argue that she cannot perform *occasional* reaching and grasping.  The ALJ adopted the VE's testimony of this issue and found Plaintiff retained the ability to perform this work as a storage facility rental clerk even with her limitations. (Tr. 19).  Therefore, this Court finds the ALJ properly found Plaintiff could perform work existing in significant numbers in the national economy as a storage facility rental clerk, and Plaintiff's argument on this issue is meritless.

> **E.    RFC Determination**

Plaintiff claims the ALJ erred in assessing her RFC. (Doc. No. 5, Pages 13-14).  Specifically, Plaintiff claims the ALJ improperly ignored her subjective complaints and the findings of her treating physicians in assessing her RFC.  *See id.*   This Court, however, reviewed Plaintiff's testimony, and as outlined above, found the ALJ properly found her testimony was not entirely credible.  Further, as outlined above, the ALJ properly considered her medical records and properly determined her impairments were not disabling.  Accordingly, this Court finds the ALJ's RFC determination is supported by substantial evidence and should be affirmed.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 10th day of May, 2010.**

s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

10